# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE L. BRYANT, | Civil Action No. 19-16508 (SDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CALVIN SPIRES, | |
| Defendant. | |

IT APPEARING THAT:

1. On or about August 6, 2019, Plaintiff, Jermaine L. Bryant, a convicted state prisoner confined in East Jersey State Prison, filed a civil complaint in which he seeks to raise claims against the administrator of the prison, Calvin Spires, based on alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Document 1 attached to ECF No. 1).

2. As Plaintiff has shown that he is entitled to *in forma pauperis* status, Plaintiff's application (Document 1 attached to ECF No. 1) shall be granted. *See* 28 U.S.C. § 1915(a).

3. Because Plaintiff will be granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

1

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

2

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff alleges that he has been assigned to the top bunk of a double occupancy cell and has not been provided a ladder or device to aid in his entering or exiting the bunk. (ECF No. 1 at 5). As a result of this situation, Plaintiff began using the window of his cell to aid in his descent, and he on one occasion injured his back and had to receive x-rays. (*Id.* at 5). Plaintiff thereafter complained and requested to be reassigned to a bottom bunk or to a single occupancy cell, but those requests were denied. (*Id.* at 4-5). Apparently, an unnamed administrative lieutenant told him to stop filing such requests. (*Id.* at 5). According to Plaintiff, after his fall and unspecified back injury, "[i]t became negligence to place me on the top bunk" without a ladder or other device to help Plaintiff in and out of his cell. (ECF No. 7-8).

7. In his complaint, Plaintiff alleges that his being assigned a top bunk in light of his back problems amounts to negligence and therefore a violation of his Eighth Amendment rights in violation of 42 U.S.C. § 1983. "To plead an Eighth Amendment claim based on conditions-of-confinement, [the plaintiff] must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of 'the minimal civilized measure of life's necessities,' and that officials [at the prison] were 'deliberately indifferent' to [the plaintiff's] safety." *Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 168 (3d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Jones*, 610 F. App'x at 168. A claim of negligence is therefore patently insufficient to support an Eighth Amendment claim. *Jones*, 610 F. App'x at 169. The Third Circuit has, in at least one instance, held that the failure to provide a ladder to

those with difficulty using their assigned top bunk, in the absence of evidence clearly indicating a more severe mental state, states no more than a claim for negligence and thus will not support an Eighth Amendment claim. *Id.* at 168.

8. As Plaintiff's claim largely mirrors the claim rejected as insufficient by the Third Circuit in *Jones*, and as Plaintiff himself alleges that Defendant Spires acted with negligence, rather than the deliberate indifference required to make out an Eighth Amendment claim, Plaintiff's complaint fails to state a viable Eighth Amendment claim and Plaintiff's sole federal claim must be dismissed without prejudice for failure to state a claim for which relief may be granted. *Id.* To the extent that Plaintiff also intended to raise a state law claim for negligence in his complaint, this Court declines to extend supplemental jurisdiction over any such claim as all claims over which this Court had original jurisdiction are being dismissed. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's complaint shall therefore be dismissed without prejudice in its entirety.

9. In conclusion, Plaintiff's application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1) is GRANTED, and Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety. An appropriate order follows.

Dated: August 20, 2019

    *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge